144 N.J. Super. 213 (1976)
365 A.2d 195
JOSEPH ROCCA, APPELLANT,
v.
RONALD M. GROOMES, SUPERINTENDENT OF THE NEW JERSEY STATE PRISON, LEESBURG, NEW JERSEY AND THE LEESBURG PRISON CLASSIFICATION COMMITTEE, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 21, 1976.
Decided September 30, 1976.
*214 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Joseph Rocca, pro se.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondents (Ms. Erminie L. Conley, Deputy Attorney General, of counsel; Mr. Leonard A. Peduto, Jr., Deputy Attorney General, on the brief).
PER CURIAM.
This is a pro se appeal by an inmate at the New Jersey State Prison at Leesburg who was found guilty of disciplinary infractions after a hearing before the institution's Adjustment Committee and subjected to a penalty of 15 days "lock-up" in the readjustment unit and the loss of 30 days commutation credits. In addition, the matter was referred to the prison Classification Committee for an evaluation of whether he should remain at Leesburg. On administrative appeal, the superintendent of the institution affirmed the findings made and penalty imposed by the Adjustment Committee.
The Classification Committee recommended that appellant be transferred to a maximum security institution. The recommendation was approved by the Inter-Institutional *215 Classification Committee and appellant was transferred to the New Jersey State Prison at Trenton. This appeal followed.
Appellant contends that the decision to transfer him from Leesburg "without according him a hearing is unconstitutional and in violation of [his] right to due process of law * * *." He advances the further argument in a supplemental brief that only the Commissioner of Institutions and Agencies is vested by statute with the authority to transfer him. Neither point has merit.
With respect to the latter contention, it is to be noted that the prison Classification Committee did no more than to recommend appellant's transfer, and that the Inter-Institutional Classification Committee merely approved the recommendation. We assume (in the absence of any proof to the contrary) that the actual transfer was properly effected pursuant to N.J.S.A. 30:4-85.
As for the argument relating to procedural due process, we observe at the outset that one is sentenced to the State Prison (N.J.S.A. 2A:164-15) and not to a particular component thereof (see N.J.S.A. 30:4-136). Inmates are transferred between institutions by administrative action (N.J.S.A. 30:4-85, 30:4-91.1 et seq.). There is no denial of due process when such transfer is accomplished without a prior hearing. Tully v. Tramburg, 57 N.J. Super. 377, 385 (App. Div. 1959). Moreover, an inmate in this State has no statutory right to remain in any particular institution. Where, as here, prison officials have broad discretion to transfer an inmate from one institution to another, "[w]hatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections * * *." Mechum v. Fano, ___ U.S. ___, 96 S.Ct. 2532, 2540, 49 L.Ed.2d ___ (1976). Due process does not require hearings in connection with transfers whether or not they are the result of the inmate's behavior or may be labelled as disciplinary or punitive. *216 Montanye v. Haymes, ___ U.S. ___, 96 S.Ct. 2543, 49 L.Ed.2d ___ (1976). While the individual states may require a pretransfer hearing, Meachum v. Fano, supra, this jurisdiction does not. Tully v. Tramburg, supra.
Affirmed.